UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MOHAMMAD HASSAN YOUSEFI,

Petitioner,

v.

CHRISTOPHER J. LAROSE, Senior Warden, Otay Mesa Detention Center,

Respondent.

Case No.: 3:26-cv-00272-RBM-VET

**ORDER DENYING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS**

**[Doc. 1]**

Pending before the Court is Petitioner Mohammad Hassan Yousefi's ("Petitioner") Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). (Doc. 1.) For the reasons set forth below, the Petition is **DENIED without prejudice**.

## I.    BACKGROUND

Petitioner is a citizen and national of Iran. (Doc. 4-2, Declaration of Deportation Officer Christian Castellanos ("Castellanos Decl."), ¶ 3.)[1] Petitioner unlawfully entered the United States from Mexico on September 6, 2024, when he was taken into Immigration and Customs Enforcement ("ICE") custody and processed for expedited removal. (*Id.* ¶ 4.)

---

[1] The Court cites the CM/ECF electronic pagination unless otherwise noted.

1

Petitioner requested asylum and protection under the Convention Against Torture ("CAT"). (*Id.* ¶ 5.) On October 30, 2024, an asylum officer concluded that Petitioner did not have a credible fear of persecution or torture. (*Id.* ¶ 6.) On November 4, 2024, an immigration judge vacated that determination and found that Petitioner did have a credible fear. (*Id.* ¶ 7.) The next day, Petitioner was served with a Notice to Appear and charged as inadmissible under the Immigration and Nationality Act as a noncitizen present in the United States without being admitted or paroled and as a noncitizen not in possession of a valid entry document. (*Id.* ¶ 8; Doc. 4-1 at 2–5.)

On September 3, 2025, an immigration judge denied Petitioner's requests for asylum, withholding of removal, and CAT relief and ordered Petitioner removed to Iran. (Castellanos Decl. ¶ 10; Doc. 4-1 at 7–10.) Petitioner reserved an appeal but did not file one, and the removal order became final on October 3, 2025. (Castellanos Decl. ¶ 10.) "On January 9, 2026, at approximately 1:00 a.m., ICE transported [Petitioner] from the Otay Mesa Detention Facility to San Diego International Airport for removal to Iran." (Doc. 5 at 2, Declaration of Mohammad Hassan Yousefi ("Yousefi Decl."), ¶ 12.) Petitioner was kept in ICE custody at the airport overnight, and the next morning was returned to Otay Mesa Detention Center without being removed from the United States. (*Id.* ¶ 13.) Petitioner was not given an explanation for why this removal attempt failed. (*Id.*)

ICE attests that it "has a valid Iranian passport for Petitioner" and scheduled him for a removal flight on January 25, 2026 (Castellanos Decl. ¶ 11), but removed him from that flight because of the pending Petition and the Court's Order to Show Cause. (*See* Doc. 2 at 2 (ordering that "Petitioner **SHALL NOT** be transferred outside of the Southern District of California pending a ruling in this matter") (emphasis in original).)

Petitioner filed the Petition on January 16, 2026. (Doc. 1.) Respondents filed their Return in Opposition to Petitioner's Habeas Petition ("Response") on January 28, 2026. (Doc. 4.) Petitioner filed his Notice of Supplemental Evidence ("Reply") on February 10, 2026. (Doc. 5.)

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.   DISCUSSION

Petitioner claims that his detention violates the Fifth Amendment's Due Process Clause, 8 U.S.C. § 1231(a)(6), the Administrative Procedure Act, and the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 1 ¶¶ 6, 13; Doc. 1-10 at 1–3; Doc. 5 at 5–10, 45–61.) Respondents argue that: (1) "[t]o the extent Petitioner is challenging ICE's decision to detain h[im] for the purpose of removal, such a challenge is precluded" by 8 U.S.C. § 1252(g); and (2) Petitioner's *Zadvydas* claim is premature, and even if it were not, Petitioner cannot show that there is no significant likelihood of removal in the reasonably foreseeable future because ICE has Petitioner's Iranian passport and can schedule his removal imminently. (Doc. 4 at 2–6.)

### A.   Jurisdiction

At the outset, the Court notes that parts of the Petition appear to directly challenge the merits of the immigration judge's findings. (*See* Doc. 5 at 7–8 (arguing that removal to Iran would violate due process because Petitioner "has established a credible, individualized risk of severe harm if returned to Iran"); *id.* at 9 (arguing that Petitioner's "asylum denial cannot justify immediate removal because the [asylum proceedings were] fundamentally unfair"); *id.* at 11–35 (lodging evidence likely in support of Petitioner's claim that he has established a viable claim for asylum or other relief).) To the extent

Petitioner seeks review of the immigration judge's determinations, the Court does not have jurisdiction over these claims. *See Guerrier v. Garland*, 18 F.4th 304, 309 (9th Cir. 2021) (noting that binding precedent "would seem to foreclose . . . the petitioner's request for review of an immigration judge's negative credible fear determination"); *Singh v. United States Dep't of Homeland Sec.*, Case No. C19-1224-JLR-MAT, 2020 WL 420589, at *9 (W.D. Wash. Jan. 3, 2020) (finding that the court had no jurisdiction over the petitioner's "challenge to the merits of [the asylum officer's] finding that he was not credible and the [immigration judge's] affirmance of this decision").

The Court does, however, have jurisdiction over Petitioner's *Zadvydas* claim. The Court may not exercise jurisdiction over the Attorney General's decision to "commence proceedings, adjudicate cases, or execute removal orders against any [noncitizen]." 8 U.S.C § 1252(g). Aside from the claims discussed above, Petitioner does not challenge the decision to commence removal proceedings or any act to execute a removal order. Rather, he challenges his ongoing detention without "an individualized bond hearing despite the existence of [a] final order of removal and no significant likelihood of removal in the reasonably foreseeable future." (Doc. 1 ¶ 6.) He is therefore enforcing his "constitutional rights to due process in the context of the removal proceedings—*not* the legitimacy of the removal proceedings or any removal order." *Garcia v. Noem*, 803 F. Supp. 3d 1064, 1074 (S.D. Cal. 2025) (emphasis in original); *see United States v. Hovsepian*, 359 F.3d 1144, 1155 (9th Cir. 2004) (noting a "district court may consider a purely legal question that does not challenge the Attorney General's discretionary authority, even if the answer to that legal question . . . forms the backdrop against which the Attorney General later will exercise discretionary authority"). Thus, § 1252(g) does not strip the Court of jurisdiction over Petitioner's *Zadvydas* claim.

**B.    *Zadvydas***

The Supreme Court has recognized a six-month presumptively reasonable period of detention after a noncitizen's removal order becomes final. *Zadvydas*, 533 U.S. at 701. "After this 6-month period, once the [noncitizen] provides good reason to believe that there

is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.*

### 1.  Presumption of Reasonableness

Petitioner's order of removal became final on October 3, 2025.  (Castellanos Decl. ¶ 10.)  Therefore, the six-month presumptively reasonable period expires on April 3, 2026. But even if this were not the case, or even if the Court found that Petitioner had rebutted the presumption of reasonableness, *see Ndandu v. Noem*, Case No.: 3:25-cv-02939-RBM-MSB, 2026 WL 25848, at *3–4 (S.D. Cal. Jan. 5, 2026), Petitioner cannot succeed on his claim.

### 2.  Good Reason to Believe

After the six-month period expires, Petitioner has the initial burden of showing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.  "Good reason to believe does not place a burden upon the detainee to demonstrate no reasonably foreseeable, significant likelihood of removal or show that his detention is indefinite; it is something less than that." *Senor v. Barr*, 401 F. Supp. 3d 420, 430 (W.D.N.Y. 2019) (cleaned up).  Assuming without deciding that Petitioner met his burden through the arguments raised in his Petition, the burden shifts to Respondents to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.  As discussed below, Respondents have met that burden.

### 3.  Significant Likelihood of Removal in the Reasonably Foreseeable Future

Respondents argue that they have rebutted Petitioner's showing because they have Petitioner's valid Iranian passport and had arranged his removal to Iran.  (Doc. 4 at 4–5.) "Petitioner had a seat on a flight [to Iran] for January 26, 2026" that Respondents cancelled because of the pending Petition and the Court's Order to Show Cause, and "[o]nce the Court lifts its stay of Petitioner's removal, Respondents will promptly effectuate Petitioner's removal." (*Id.* (citing Castellanos Decl. ¶ 11).)  Under these circumstances, the Court finds that Petitioner's removal is significantly likely in the reasonably foreseeable future. *Accord Marquez v. Wolf*, Case No.: 20-cv-1769-WQH-BLM, 2020 WL 6044080,

3:26-cv-00272-RBM-VET

at *3 (S.D. Cal. Oct. 13, 2020) (denying *Zadvydas* claim where the respondents had obtained a travel document for the petitioner and scheduled a removal flight to Peru); *Ashour v. Noem*, Case No.: 3:26-cv-00422-RBM-SBC, 2026 WL 310198, at *2–3 (S.D. Cal. Feb. 5, 2026) (denying *Zadvydas* claim where the respondents had identified a flight for the petitioner's removal to occur in two weeks). Accordingly, the Petition is **DENIED**.

In light of Petitioner's representation that ICE has previously attempted and failed to remove him to Iran, the Court also **ORDERS** Respondents to file a Status Report on or before **March 6, 2026** indicating whether Petitioner was removed to Iran.

### IV.    CONCLUSION

For the foregoing reasons, the Petition (Doc. 1) is **DENIED WITHOUT PREJUDICE**. Respondents **SHALL FILE** a Status Report on or before **March 6, 2026** indicating: (1) that Petitioner has been removed to Iran or, if he has not (2) Respondents' progress toward effectuating Petitioner's removal and an estimated date by which they expect his removal to occur.

If Petitioner has not been removed by March 6, 2026, and Respondents are unable to provide a date by which they expect his removal to occur, Petitioner may file an amended Petition. *Accord Ashour*, 2026 WL 310198, at *3; *Feliciano v. Warden of Mesa Verde Det. Facility*, Case No. 1:25-cv-02031-KES-SKO (HC), 2026 WL 63646, at *3 (E.D. Cal. Jan. 8, 2026) (dismissing a petition raising a *Zadvydas* claim without prejudice).

**IT IS SO ORDERED**.

DATE:  February 13, 2026

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

3:26-cv-00272-RBM-VET